WESTERN UNION TELEGRAPH COMPANY v. JOHN G. BENNETT.

No. 54.

1. **Copies of Messages — Admissible Evidence.** — In a suit against a telegraph company for damages for failure to deliver messages sent, copies of the messages delivered by the company were admissible evidence.

2. **Evidence of Sending and Delay.** — Evidence as to the sending, and the delay in delivery, of one of two messages, for delay in the delivery of which damages were asked, was admissible, although in the opinion of the trial court no right of recovery growing out of the nondelivery of that message was shown.

3. **Burden of Proof.** — When the principal object of the suit is to recover special damages, the burden of proof ought to be on the plaintiff to show such negligence in the delivery of the message as caused the damage; and therefore the following charge was error: "The fact that the message was promptly received at Navasota, and that Bennett lived there. being shown, the burden of proof to show that the message was not delivered to Bennett promptly resulted from some excusable cause, is on the defendant, and it must establish such excusable cause by a preponderance of evidence."

4. **Same.** — The evidence on the question whether the appellee was in fact in Navasota on the day the message was received, or not, being conflicting, the practical effect of this charge was to lead the jury to believe that it was incumbent on the appellant to show that appellee was elsewhere.

5. **Same.** — When both parties introduce evidence sufficient, if true, to discharge any burden of proof cast on them by law, it is improper to give any charge on that subject. The issue is then wholly as to the weight of evidence and the credibility of the witnesses.

APPEAL from Grimes. Tried below before Hon. NORMAN G. KITTRELL.

*Field & Homan*, for appellant.—1. The original message filed at Allen constituted the contract for breach of which the suit was brought, and secondary evidence of its contents was not admissible in the absence of notice to defendant to produce the original. 2 Wills. Cond. Cases, 806; Abb. Trial Ev., 290, 604; Thomp. on Trials, secs. 838, 839.

2. The court erred in admitting, over defendant's objections, the testimony relating to the message of March 26, 1890, from plaintiff to Ellen Bennett. Daniel v. Tel. Co., 61 Texas, 452; Railway v. Levy, 59 Texas, 542; Tucker v. Hamlin, 60 Texas, 171.

3. The court erred in charging on the burden of proof. Railway v. Geiger, 79 Texas, 13; Tel. Co. v. Gildersleeve, 96 Am. Dec., 519.

*H. H. Boone*, for appellee.—1. Copies of the messages were properly admitted in evidence. Lumber Co. v. Tel. Co., 58 Texas, 394.

2. There is no error in the charge of the court of which appellant can complain. Stuart v. Tel. Co., 66 Texas, 580; Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Adams, 75

Texas, 531; Tel. Co. v. Feegles, 75 Texas, 537; Tel. Co. v. Morris, 77 Texas, 174.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee resided at Navasota, Grimes County, and his brother Henry resided at Allen, in Collin County. On the 24th day of March, 1890, the wife of Henry Bennett delivered to appellant, at Allen, the following message, addressed to appellee at Navasota, " Come at once; Henry is dying." The message was transmitted at once to Navasota and was received there at 8:50 o'clock a. m. of the same day. It was not delivered to appellee until the afternoon of March 26. On that day, before its delivery, appellee had learned from other sources of the dangerous illness of his brother, and went to appellant's office in Navasota for the purpose of ascertaining, by wire, his condition, and the message was then delivered to him. Thereupon he sent over appellant's line a dispatch to his brother's wife, asking information as to her husband's condition. This message was not delivered to Mrs. Bennett until next day. Appellant, failing to receive an answer, took the train at Navasota the night of the 26th and went to Allen, when he learned that his brother had died on the 25th and was buried on the 26th.

He brought this suit to recover damages for the failure to deliver both messages. At the trial he was permitted to introduce, over appellant's objections, the copies of the messages delivered to him and to his sister-in-law, respectively. The objection was that the original messages delivered to appellant were the primary evidence.

Appellee also introduced evidence of the sending of the message from himself to Mrs. Bennett, and the date of the delivery of the same, and of the fact that no answer was received, which was objected to by appellant, on the ground that it was irrelevant and calculated to mislead the jury.

The court charged the jury, that they would not consider the evidence as to the last message, and that appellee could not recover damages growing out of it. Appellant sought to excuse its failure to deliver the message to appellee by showing that he was unknown to its agents, and that they used due diligence to find him in Navasota, and failed to do so. The evidence upon this point was conflicting. There was positive testimony in behalf of appellee that he had resided in Navasota for three months, was well known there, and was at home in town, and could easily have been found during the whole of the 24th, 25th, and 26th of March; and that his residence was in fact pointed out to appellant's messenger while the latter was searching for him. This last fact was denied by appellant's witness, and there was testimony strongly tending to show that appellee left Navasota on the 23d and went to a neighborhood about twenty-five miles away, and did not return until the evening of the 25th. It is not controverted that appellee's wife was at home during this time. Appel-

lant, however, claims that its agents could not learn anything of such persons in Navasota. It was shown that about noon of the 24th appellant's messenger reported to its operator at Navasota that appellee could not be found, and that the operator notified appellant's agent at Allen. The latter informed Mrs. Bennett, and she then informed the operator at Allen, that appellee was not in Navasota, but was near Bryan, and sent him a message, over appellant's line, to that place.

The admission of the copies of the telegrams delivered by appellant's agents, on which the suit is founded, was not error. Lumber Co. v. Tel. Co., 58 Texas, 394.

Nor was there error in the admission of evidence as to the sending and delay in delivering the telegram from appellee to Mrs. Bennett, and the failure of appellee to get a reply. The suit was based in part on those facts, and evidence of them was proper. While appellee failed, in the opinion of the court below, to show a right to recover growing out of that transaction, this could not render erroneous the ruling admitting the evidence.

The alleged declaration of the messenger boy, whether admissible as original evidence or not, was competent to contradict him, and affect his credibility before the jury. But we are of opinion it was admissible as affirmative evidence in appellee's behalf. The messenger was the agent upon whose acts and investigations the appellant largely relied to show a discharge of its duty to appellee. What he said, while engaged in the search, which might in any degree illustrate the degree of his diligence and the good faith of his efforts, was directly pertinent to the issue.

The court charged the jury as follows: "The fact that the message was promptly received at Navasota, and that Bennett lived there, being shown, the burden of proof to show that the message was not delivered to Bennett promptly resulted from some excusable cause, is on the defendant, and it must establish such excusable cause by a preponderance of the evidence, by which is meant the greater weight and degree of credible evidence."

Appellant contends that the court erred in charging upon the burden of proof at all, and that the rule given was in itself incorrect. We need not consider what facts would ordinarily make out a prima facie case against a telegraph company for damages for delay in delivering a message. If the purpose of the suit was to recover general damages *only*, and the burden consequently was on plaintiff to show only a breach of contract, the rule laid down in this instruction might be correct. But when the main recovery sought is special damages, such as are here claimed, certainly the burden ought to be on plaintiff to show such a breach of contract; in other words, such negligence in the delivery of the dispatch as caused such damage.

The charge of the court nowhere told the jury that the onus in this particular was on plaintiff, and the court refused a special instruction asked by appellant announcing such rule as the law of the case.

Again: Whether the burden was on defendant or not, to show the exercise of proper diligence to deliver the message, the real controversy under the evidence was upon the question of fact, whether or not appellee was in Navasota on the 24th and 25th, and the practical effect of the charge given, probably, was to lead the jury to believe that it was incumbent on appellant to show that appellee was elsewhere. We can not assent to this as the law of the case. Appellee's whereabouts was peculiarly known to himself, and it would be unjust to require appellant to show it. It was required, rather, to explain its own conduct and show proper efforts to deliver the telegram. We do not suppose that the district judge intended to impose the burden on the defendant to show plaintiff's absence from town, but such was the state of the evidence that this was the application a jury would probably make of the instruction.

And this illustrates what seems to us the impropriety of giving such charges upon the burden of proof in cases where the evidence stands as it did here. We think there can be no doubt that both parties introduced evidence sufficient, if true, to discharge any burden cast upon them by the law. The issues, therefore, resolved themselves wholly into questions as to the weight of evidence and credibility of witnesses. Knowledge of the rules regulating the burden of proof at the opening of the trial, or at particular stages of the evidence, could not afford any light to guide the jury in determining what witness was most credible or what fact the most weighty. A case standing thus upon the evidence should be considered as a whole, and not by piecemeal. Railway v. Geiger, 79 Texas, 13.

We think the part of the charge which we have quoted was erroneous. Omitting from the charge those parts relating to the burden of proof, it is a very fair and clear submission of the case to the jury.

This disposes of all the assignments of error except the sixth and seventh, which are too indefinite to be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*