## WESTERN UNION TELEGRAPH CO. v. Mc-CORMICK. (No. 1312.) *

(Court of Civil Appeals of Texas. El Paso. April 6, 1922. Rehearing Denied April 27, 1922.)

**1. Abatement and revival ⬳84—Defect in service of summons waived by pleading to merits.**

Where defendant filed an answer to the merits prior to filing a plea in abatement for a defect in service of summons, the plea was properly overruled.

**2. Telegraphs and telephones ⬳37(2)—Delivery to person in whose care message was insufficient.**

Where a message announcing the fatal illness of the sendee's mother was sent to him in care of a third person simply to facilitate delivery to the sendee in person as the contract required, delivery to person in whose care the message was sent was insufficient.

**3. Telegraphs and telephones ⬳73(1)—Question of delivery of message held for jury.**

In an action by the addressee for delay in delivering a message announcing the fatal illness of his mother, *held*, that the question whether delivery was made as required by a special contract to deliver the message to him in person was for the jury.

**4. Telegraphs and telephones ⬳66(2)—Exclusion of evidence of remark of telegraph employee concerning telegram held proper.**

In an action by the addressee for delay in delivering a telegram announcing the fatal illness of his mother, testimony by the telegraph operator at a receiving station that he did not send a reply to a service message was admissible for the defendant, but it was proper to exclude evidence of his remarks concerning the delivery of the telegram.

**5. Telegraphs and telephones ⬳68(1)—Damages for mental anguish not too remote.**

Damages for mental anguish caused by failure to deliver a telegram informing plaintiff of his mother's serious illness are not too remote and speculative to be recovered.

**6. Appeal and error ⬳1064(1)—Instruction that in order for plaintiff to recover the jury must find, etc., in case submitted on special issues, not prejudicial error.**

In an action by an addressee of a telegram for mental anguish caused by failure to deliver a message in which the case was submitted to the jury on special issues, an instruction, "but that in order for plaintiff to recover" the jury must find, etc., where the facts necessary to be found had application to an issue as to the amount of plaintiff's damage, though the words introducing it were not applicable, was not prejudicial error.

**7. Trial ⬳352(1)—Special issue omitting to require negligence on part of defendant telegraph company not erroneous, where such negligence was required by other issues.**

In an action by an addressee of a telegram for mental anguish caused by failure to deliver a telegram, failure of a special issue submitted to the jury to charge that plaintiff must show negligence by defendant to recover did not render it objectionable in view of other issues so charging.

**8. Trial ⬳352(1)—Special issue held not objectionable as submitting case to jury on both special issues and general issue.**

In an action by the addressee of a telegram, concerning illness of plaintiff's mother, against a telegraph company for mental anguish caused by failure to deliver it, a special issue as to whether plaintiff's mother was rational and able to recognize him and converse with him after he reached his home was not objectionable as being a submission of the case upon both special issues and the general issue.

**9. Trial ⬳352(5)—Special issue held not objectionable as intimating that plaintiff suffered mental anguish.**

In an action by the addressee of a telegram concerning his mother's illness against a telegraph company for mental anguish caused by failure to deliver the telegram, a special issue as to whether the failure to deliver it was the proximate cause of plaintiff's mental anguish, if there was any, was not objectionable as intimating that plaintiff suffered mental anguish.

**10. Appeal and error ⬳216(3)—Charge as to burden of proof held not prejudicial error.**

Where a case was submitted to the jury on special issues, a charge that plaintiff must establish his right to recover by a preponderance of evidence, while erroneous as failing to advise the jury where the burden of proof rested on the various issues, in the absence of objection thereto, and presentation of proper charge, was not reversible error.

**11. Telegraphs and telephones ⬳71—$1,950 for mental anguish held excessive.**

Where a telegraph company failed to deliver a telegram in time to enable plaintiff to see his mother while she was still rational during her last illness, a verdict of $1,950 for mental anguish was excessive by $950.

Appeal from District Court, Dawson County; W. R. Spencer, Judge.

Action by C. H. McCormick against the Western Union Telegraph Company. From judgment for plaintiff, defendant appeals. Affirmed on condition of a remittitur by plaintiff.

See, also, 219 S. W. 270.

Francis R. Stark, of New York City, and Veale & Lumpkin, of Amarillo, for appellant.

Gordon B. McGuire, of Lamesa, and Theodore Mack, of Fort Worth, for appellee.

HIGGINS, J. Appellee brought this suit against appellant to recover damages for mental anguish suffered by him on account of the alleged failure to transmit and deliver a telegraphic message sent from Lamesa, Tex., to him at Ranger, Tex., reading as follows:

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused June 7, 1922.

"To C. H. McCormick, Ranger, Texas, % Texas & Pacific Coal Co. Come at once your mother very low. Answer. T. W. Key."

The message was delivered to appellant by the sender, Key, about 2 o'clock p. m. March 19, 1918. Appellee's mother was quite old, and at the time was seriously ill and unconscious, and so remained until the morning of March 21, 1918, when, for a short period of time, she became conscious and rational, afterwards relapsing again into unconsciousness, and so remained until April 12, 1918, when she died.

Plaintiff in his petition alleged that on March 19, 1918, his mother was at Lamesa very ill and not expected to live, and plaintiff was at Ranger; that on said date the message aforesaid was delivered to defendant at Lamesa by T. W. Key, the sender, and plaintiff's agent; that at the time the message was delivered to defendant Key notified defendant that it was desired the telegram be delivered in person to appellee, and the sending of same in care of the Texas & Pacific Coal Company was merely for the purpose of assisting defendant in locating appellee and delivering the telegram to him in person, and Key then further informed defendant that he would then pay to it the necessary required fee, if any, for delivery by defendant in person to McCormick; that defendant then informed Key that it could not arrive at the exact amount necessary to make such delivery, but, if Key would guaranty the payment of as much as $40, it would undertake to insure the use of ordinary care in making the delivery in person of the telegram to appellee, and Key did then and there guaranty the payment of said sum of money, or so much thereof as was necessary for such delivery.

It was then alleged that no delivery of the message was made to him nor to the Texas & Pacific Coal Company, and that, if ordinary care had been used by defendant, he would have received the telegram in time to have reached his mother's bedside while she was conscious and rational; that he had suffered mental anguish and distress in being deprived of seeing and conversing with his mother while she was conscious and rational and able to know and recognize him, and thereby damaged in the sum of $1,950, for which he sought judgment.

The charge of the court gave appropriate definitions and then submitted special issues. The issues and the answers thereto are as follows:

"Special issue No. 1: Did the agent of the defendant, Western Union Telegraph Company, at Lamesa, Tex., on the 19th day of March, 1918, agree with T. W. Key in consideration of the guaranty of the payment by said Key of an amount not exceeding $40 that the defendant would use ordinary care to deliver the telegram in question to the plaintiff, C. H. McCormick, in person? The jury answered: 'Yes.'

"Special issue No. 2: Did the defendant, Western Union Telegraph Company, use and exercise ordinary care in making the delivery of said telegram to the plaintiff, C. H. McCormick? The jury answered: 'No.'

"Special issue No. 3:. Was the telegram in question ever delivered to the plaintiff, C. H. McCormick? The jury answered: 'No.'

"Special issue No. 4: Was the telegram in question ever delivered to Mr. Hewitt, the timekeeper of the Texas & Pacific Coal Company? The jury answered: 'No.'

"Special issue No. 5: Was the plaintiff, C. H. McCormick on the 19th and 20th days of March, 1918, in the town of Ranger, Tex.? The jury answered: 'Yes.'

"Special issue No. 6: Could the defendant, Western Union Telegraph Company, by the exercise of ordinary care, have delivered the said telegram to the plaintiff, C. H. McCormick, on the afternoon or early in the night of March 19, 1918? The jury answered: 'Yes.' -

"Special issue No. 7: Could the plaintiff, C. H. McCormick, have left Ranger, Tex., late in the night of March 19th and have reached his mother's bedside before the morning of March 21, 1918? The jury answered: 'Yes.'

"Special issue No. 8: Was the plaintiff's mother rational and able to recognize him and converse with him after he reached his home in Lamesa? The jury answered: 'No.'

"Special issue No. 9: Has the plaintiff suffered any damages by reason of mental anguish as hereinbefore defined in not being at his mother's bedside while she was rational, if she was rational, on Thursday morning, March 21, 1918? The jury answered: 'Yes.'

"Special issue No. 10: Was the failure, if any, of the defendant, Western Telegraph Company, to deliver said telegram, if you have found that they failed to deliver said telegram and could have done so by the use of ordinary care, as hereinbefore defined, the proximate cause of plaintiff's mental anguish, if any? The jury answered: 'Yes.'

"Special issue No. 11: Would plaintiff have left Ranger for his mother's bedside on the night of March 19th in time to have reached there and been with her while she was rational, if the telegram in question had been delivered to him in the evening or early night of March 19th? The jury answered: 'Yes.'

"Special issue No. 12: If you have answered special issues Nos. 9, 10, and 11 in the affirmative, and further find that plaintiff is entitled to recover of the defendant herein damages in any sum, then what amount, if any, do you find the plaintiff is entitled to recover of said defendant, and in answering this issue and in determining the amount of damages, if any, which you may assess, you will take. into consideration all of the facts in evidence and assess such amount of damages as you, in your judgment, may determine from the evidence that will fairly compensate plaintiff for such mental anguish, if any, as he has sustained growing out of and being the natural and proximate cause of the injury, if any, so sustained by him? The jury answered: '$1,950 and costs.'

"Special issue No. 1 requested by the defendant: Was the plaintiff's mother rational at any time after the plaintiff reached Lamesa prior to her death on April 12, 1918? The jury answered: 'No.'

"Special issue No. 2 requested by the defendant: Was the plaintiff's mother on March 19, 1918, at the time the witness T. W. Key sent the telegram in question, unconscious? The jury answered: 'Yes.'

"Special issue No. 3 requested by the defendant: If the telegram in question had been delivered to C. H. McCormick, would he have been present at his mother's bedside on Thursday morning, March 21, while his mother was conscious, if she was conscious? The jury answered: 'Yes.'

"Special issue No. 4 requested by the defendant: Was the telegram in question after it was delivered to the agent at Lamesa by the witness Key transmitted by the defendant company to Ranger with ordinary care? The jury answered: 'Yes.'

"Special issue No. 5 requested by the defendant: Was the telegram in question delivered by the witness Blitch to the office of the Texas & Pacific Coal Company at Ranger, Tex.? The jury answered: 'No.'

"Special issue No. 6 requested by the defendant: Did the defendant use ordinary care in delivering the telegram in question to the Texas & Pacific Coal Company at Ranger, Tex.? The jury answered: 'No.'

"Special issue No. 7 requested by the defendant: Could the defendant by the use of ordinary care have found the plaintiff, C. H. McCormick, in the town of Ranger and delivered the message to him in person on the afternoon of March 19, 1918? The jury answered: 'Yes.' "

Upon the findings judgment was rendered in favor of plaintiff for $1,950, and the defendant appeals.

This is the second appeal in this case, the former opinion appearing in 219 S. W. 270.

[1] After the reversal of this case upon the former appeal, the defendant filed a plea in abatement, which was overruled. The first proposition advanced relates to this ruling, it being contended that the motion should have been sustained because there had never been any legal service upon the defendant. This matter presents no error in view of the fact disclosed by the record that an appearance had been made by defendant by the filing of an answer to the merits long prior to the filing of the plea in abatement. The insufficiency of the original service became of no consequence in view of the answer filed.

[2, 3] The second and third propositions are controlled by the findings of the jury and the ruling made upon the former appeal, where it was said:

"It is further insisted that the peremptory instruction should have been given because the evidence discloses that the message was delivered to the Texas & Pacific Coal Company within a reasonable time after it reached Ranger, and, since the message was sent in care of said company, no recovery could be had. This is overruled because it was pleaded, proven, and found by the jury that there was a special contract made to deliver the telegram to the sendee in person. The pleading and the testimony shows that the message was sent in care of the Texas & Pacific Coal Company simply for the purpose of facilitating the delivery by appellant to the sendee in person, and under such circumstances delivery to the person in whose care the message is sent is not sufficient. Telegraph Co. v. Bryant, 35 Tex. Civ. App. 442, 80 S. W. 406.

"This contention must be overruled for the further reason that it was an issue of fact whether delivery was in fact made to the Texas & Pacific Coal Company. A Mr. Hewitt was the timekeeper of the company at Ranger and the person who received for the company its telegrams. Hewitt testified that the telegram in question was delivered to him by Mr. Blitch, appellant's agent at Ranger, on March 19, 1918, and that he in turn delivered the message the next morning to Mr. McCormick. The agent Blitch, also testified that he delivered the telegram to Mr. Hewitt about 4 o'clock on the afternoon of the 19th. On the other hand, Mr. Key, the sender of message, testified that they were expecting the arrival of Mr. McCormick by the noon train on the 20th; that upon his failure to arrive on that date, and on the 21st, he went down to see the agent at Lamesa to find out whether the message had been delivered; that the agent said he would find out what they had done with it, and in response to his inquiry about the matter the appellant's agent at Lamesa gave him the following service messages:

"First. A service message dated 3/21/18, signed by the agent at Lamesa, reading: 'Ranger, Texas. Rd. ours 19th, McCormick Sgd. Key.'

"Second. Another service message dated 3/21/18, signed by the agent at Lamesa, reading: 'Ranger, Texas. See our service date, report delivery ours 19th, McCormick, sgd. Key, second request—Rush.'

"Third. A service message dated 3/22/18, from Ranger, Tex., to Lamesa, reading as follows: 'Lamesa, Tex. Yours 19th McCormick on hand cannot locate party.'

"Now, according to the service message sent on the 22d from Ranger to Lamesa, the telegram of Key to McCormick was still on hand by appellant, because McCormick could not be located. These service messages were admissible, and the reply of the Ranger office was evidence of the fact that the message was still on hand and had never been delivered. Tel. Co. v. Bennett, 1 Tex. Civ. App. 558, 21 S. W. 699; Tel. Co. v. McMillan, 25 S. W. 821; Tel. Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772.

"Notwithstanding the testimony of Hewitt and Blitch concerning delivery, these service messages rebutted their testimony and raised an issue of fact as to delivery which it was necessary to submit to the jury."

[4] The fourth proposition complains of a ruling upon evidence. The bill shows that—

"While the witness J. B. Blitch was testifying and being asked about the service message dated March 22, 1918, and especially with reference to answer made to such service message, from the office of the defendant company at Ranger, he was asked the following questions: 'Did you send this reply?' To which question the witness answered: 'No, sir; but, when I came back from supper, it was on the

hook. I glanced over the business and saw it and said, "you have played the devil, that message has been delivered a day or two ago, and I guess the man is at home by now." '

"To which question and answer thereto beginning with the words, 'I glanced over the business and saw it and said, "You have played the devil, that message has been delivered a day or two ago, and I guess the man is at home by now," ' the plaintiff objected and asked that it be stricken out upon the ground that the same was. irrelevant and immaterial and not binding upon the plaintiff in the absence of plaintiff, as to what said witness said to the operator at Ranger.

"Which objection the court sustained and refused to permit such testimony offered by the defendant to go to the jury."

This matter presents no error. As was held upon the former appeal, that part of Blitch's testimony to the effect that he did not send the reply to the service message was admissible, and this was not excluded by the ruling. That portion of the testimony which was excluded was inadmissible.

[5] There is no merit in the contention that the damages sued for were too remote and speculative and not reasonably within the contemplation of the parties at the time the telegram was sent.

[6] Paragraph 1 of the court's charge and preceding the issues submitted reads:

" 'Mental anguish' is that keen and poignant suffering which results from some great grief, and in this connection you are instructed that mere disappointment, anger, worry, mental disturbances, or injury of feelings, does not constitute mental anguish hereinbefore defined, but that, in order for the plaintiff to recover, the jury must find and believe that he was caused to suffer intense pain and suffering of mind and body, and that such suffering, if any, was the direct result of the failure of the defendant company to deliver said message, if you find that they did fail to deliver said message."

It is objected to that portion reading:

"But that in order for the plaintiff to recover the jury must find and believe that he was caused to suffer intense pain and suffering of mind and body, and that such suffering, if any, was the direct result of the failure of the defendant company to deliver said telegram, if you find that they did fail to deliver said message"

—upon the ground that since the case was submitted upon special issues it was improper to inform the jury that they must find certain facts in order for the plaintiff to re-

cover. That portion of the charge was for the guidance of the jury in answering issue 12 as to the amount of plaintiff's damage, if any. While the language, "but that in order for the plaintiff to recover," is not applicable in a case submitted upon special issues, we do not see how it could have prejudiced appellant in any way and think the matter presents no error of a reversible nature.

[7] Objection is also made to paragraph 1 of the court's charge upon the ground that it informs the jury that the plaintiff could recover without showing negligence. We fail to see the force of this objection in view of issues Nos. 2 and 6 in the main charge and defendant's requested issues Nos. 6, and 7.

[8] Under the eighth proposition the charge is objected to upon the ground that it was a submission of the case to the jury both upon special issues and the general issue. The charge is not subject to such objection. There is no instruction which would authorize a general verdict.

[9] Objection is made to the tenth issue as upon the weight of the evidence, because it intimates that plaintiff did suffer mental anguish. This objection is without merit.

[10] Objection is made to the court's charge upon the burden of proof which reads:

"The burden of the proof is upon the plaintiff to establish by a preponderance of evidence his right to recover herein, and, unless he has done so, you cannot find for the plaintiff."

This case having been submitted upon special issues, the inapplicability of the instruction is obvious. The court should have given an instruction which would definitely advise the jury where the burden of proof rested upon the various issues. The charge given, however, is not affirmatively erroneous, and the jury could not have been misled thereby. Had appellant requested a proper charge upon the burden of proof and the same been refused, the matter would probably have been reversible. Jenkins v. Moore (Tex. Civ. App.) 230 S. W. 886.

[11] The last assignment contends that the verdict and judgment is excessive. This is well taken. Tel. Co. v. Riviere (Tex. Civ. App.) 174 S. W. 650; Tel. Co. v. Armstrong (Tex. Civ. App.) 207 S. W. 592; Tel. Co. v. Goodson (Tex. Civ. App.) 217 S. W. 183.

If a remittitur of $950 be filed by appellee in 15 days, the judgment will be affirmed. If same be not filed, the cause is ordered reversed and remanded.